**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

ROADGET BUSINESS PTE. LTD., a private limited company organized in the country of Singapore,

Plaintiff,

vs.

THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A TO THE COMPLAINT,

Defendants.

Case No.: 1:24-cv-00115

**REDACTED PUBLIC VERSION**

**PLAINTIFF ROADGET BUSINESS PTE. LTD.'S MEMORANDUM IN SUPPORT OF ITS *EX PARTE* MOTION FOR ENTRY OF A TEMPORARY RESTRAINING ORDER**

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ....................................................................................... 1

II. BACKGROUND ....................................................................................... 1

A. Plaintiff Roadget's Copyrighted Work ......................................................... 1

B. Defendants' Unlawful Acts........................................................................... 2

III. LEGAL STANDARD.................................................................................. 3

IV. THE COURT SHOULD ISSUE A TEMPORARY RESTRAINING ORDER ENJOINING DEFENDANTS' UNLAWFUL CONDUCT. .............................................. 3

A. This Court Has Personal Jurisdiction over Defendants. ................................... 4

B. Roadget Will Likely Succeed on the Merits of Its Copyright Infringement Claim......... 5

C. Roadget Has No Adequate Remedy at Law and Will Suffer Irreparable Harm Absent Preliminary Relief. ............................................................................ 6

D. The Balance of Harms Favors Roadget, and an Injunction Serves the Public Interest. .. 8

V. THE EQUITABLE RELIEF SOUGHT IS APPROPRIATE. ........................................... 9

A. A Temporary Restraining Order Immediately Enjoining Defendants' Unlawful Use of Roadget's Copyrighted Work Is Appropriate. .................................................. 9

B. Restraint of Defendants' Assets Is Necessary to Prevent Fraudulent Transfer. ............ 10

C. Expedited Discovery of Defendants' Payment Systems Is Necessary to Restrain Defendants' Assets......................................................................... 11

D. Service of Process by E-Mail and/or Electronic Publication Is Warranted. .................. 12

VI. A BOND SHOULD SECURE THE INJUNCTIVE RELIEF. .......................................... 13

VII. CONCLUSION......................................................................................... 13

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*ACT, Inc. v. Worldwide Interactive Network, Inc.*,
46 F.4th 489 (6th Cir. 2022) ....................7

*In re Aimster Copyright Litig.*,
252 F. Supp. 2d 634 (N.D. Ill. 2002) ....................8

*BRABUS GmbH v. Individuals Identified on Schedule A Hereto*,
No. 20-CV-03720, 2022 WL 7501046 (N.D. Ill. Oct. 13, 2022) ....................4

*Bulgari, S.p.A. v. P'ships & Unincorporated Ass'ns Identified On Schedule "A,"*
No. 14-CV-4819, 2014 WL 3749132 (N.D. Ill. July 18, 2014)....................7, 8

*Burger King Corp. v. Majeed*,
805 F. Supp. 994 (S.D. Fla. 1992) ....................7

*Bushnell, Inc. v. Brunton Co.*,
673 F. Supp. 2d 1241 (D. Kan. 2009)....................6

*Canon Inc. v. GCC Int'l Ltd.*,
450 F. Supp. 2d 243 (S.D.N.Y. 2006)....................6

*Chrome Cherry Ltd. v. P'ships & Unincorporated Ass'ns Identified on Schedule "A"*,
No. 21-CV-05491, 2021 WL 6752296 (N.D. Ill. Oct. 20, 2021) ....................9

*Columbia Pictures Indus., Inc. v. Jasso*,
927 F. Supp. 1075 (N.D. Ill. 1996) ....................4

*CSC Holdings, Inc. v. Redisi*,
309 F.3d 988 (7th Cir. 2002) ....................10

*Deckers Outdoor Corp. v. P'ships & Unincorporated Ass'ns Identified on Schedule A*,
No. 13-cv-07621, 2013 WL 12314399 (N.D. Ill. Oct. 31, 2013) ....................9

*Deckert v. Indep. Shares Corp.*,
311 U.S. 282 (1940)....................10

*Design Basics, LLC v. Signature Constr., Inc.*,
994 F.3d 879 (7th Cir. 2021) ....................4

*E-Link Tech. Co. v. Shenzhen Uni-Sun Elecs. Co.*,
No. 20-cv-00247, 2020 WL 8079816 (N.D. Ill. May 14, 2020) ....... 8

*EnVerve, Inc. v. Unger Meat Co.*,
779 F. Supp. 2d 840 (N.D. Ill. 2011) ....... 3

*Gateway E. Ry. Co. v. Terminal R.R. Ass'n*,
35 F.3d 1134 (7th Cir. 1994) ....... 12

*GEFT Outdoors, LLC v. City of Westfield*,
922 F.3d 357 (7th Cir. 2019) ....... 3

*Hoosier Energy Rural Elec. Co-op., Inc. v. John Hancock Life Ins. Co.*,
582 F.3d 721 (7th Cir. 2009) ....... 3

*Ibarra v. City of Chicago*,
816 F. Supp. 2d 541 (N.D. Ill. 2011) ....... 11

*Indus. Xperience, LLC v. Dance Xperience*,
No. 19-CV-06724, 2020 WL 1888977 (N.D. Ill. Apr. 16, 2020) ....... 10

*JCW Investments, Inc. v. Novelty, Inc.*,
482 F.3d 910 (7th Cir. 2007) ....... 5

*LEGO A/S v. ZURU Inc.*,
799 F. App'x 823 (Fed. Cir. 2020) ....... 7

*Lorillard Tobacco Co. v. Montrose Wholesale Candies*,
No. 03-cv-4844, 2005 WL 3115892 (N.D. Ill. Nov. 8, 2005) ....... 10

*Mays v. Dart*,
453 F. Supp. 3d 1074 (N.D. Ill. 2020) ....... 2

*NBA Properties, Inc. v. P'ships & Unincorporated Ass'ns Identified in Schedule "A"*,
549 F. Supp. 3d 790 (N.D. Ill. 2021) ....... 4

*Oakley, Inc. v. P'ships & Unincorporated Ass'ns Identified on Schedule "A,"*
No. 20-CV-06676, 2020 WL 9455191 (N.D. Ill. Dec. 11, 2020) ....... 4

*Ouyeinc Ltd. v. Alucy*,
No. 20-cv-3490, 2021 WL 2633317 (N.D. Ill. June 25, 2021) ....... 12

*Pink Floyd (1987) Ltd. v. P'ships & Unincorporated Ass'ns Identified on Schedule "A"*,
No. 21-CV-04406, 2021 WL 7179622 (N.D. Ill. Oct. 21, 2021) ....... 9

*Rio Properties, Inc. v. Rio Int'l Interlink*,
284 F.3d 1007 (9th Cir. 2002) ....................12

*Roland Machinery Co. v. Dresser Industries, Inc.*,
749 F.2d 380 (7th Cir. 1984) ....................6

*Square One Ent. Inc. v. P'ships and Unincorporated Ass'ns Identified in Schedule "A,"*
No. 20-cv-5685, 2021 WL 1253450 (N.D. Ill. Apr. 5, 2021)....................3

*Thermal Design, Inc. v. Am. Soc'y of Heating, Refrigerating & Air-Conditioning Engineers, Inc.*,
755 F.3d 832 (7th Cir. 2014) ....................11

*In re Uranium Antitrust Litig.*,
617 F.2d 1248 (7th Cir. 1980) ....................10

**Statutes and Rules**

17 U.S.C. § 504(b) ....................9

Fed. R. Civ. P. 4(f)(3) ....................12

Fed. R. Civ. P. 26(b)(2)....................11

Fed. R. Civ. P. 65 ....................11

## I. INTRODUCTION

Plaintiff Roadget Business Pte. Ltd. ("Roadget") respectfully submits this Memorandum in support of its *Ex Parte* Motion for Entry of a Temporary Restraining Order ("TRO"), including a temporary injunction, a temporary asset restraint, expedited discovery, and electronic service of process. Roadget has recently discovered that Defendants, online sellers identified in Schedule A to the Complaint, are infringing its copyrights (the "Roadget Copyrights"). Defendants are selling apparel using unauthorized copies of the Roadget Copyrights, and they avoid liability by operating under aliases to conceal their identities and the full scope of their operations. Roadget seeks a temporary restraining order to enjoin Defendants from infringing its registered copyrights before their actions cause Roadget further irreparable harm. Roadget has submitted with its motion a proposed order, which is based on a template for "Schedule A Cases" available on the website for the U.S. District Court for the Northern District of Illinois.[1]

## II. BACKGROUND

### A. Plaintiff Roadget's Copyrighted Works

Plaintiff Roadget owns the popular SHEIN online fashion and lifestyle retailer. Declaration of Tim Wei ("Wei Decl.") ¶ 3. Roadget's affiliate and licensee in the United States, Shein Distribution Corporation, sells apparel, beauty products, home goods, pet supplies, and a variety of other products through the SHEIN website at https://us.shein.com and the SHEIN mobile application. Wei Decl. ¶ 3.

Roadget's SHEIN brand has skyrocketed in popularity over the last several years, becoming one of the most visited fashion and apparel sites in the world. Declaration of Deepa A.

[1] *See* Exhibit 1 to Motion (proposed order); *see also* Judge Pacold's "TRO Template Schedule A Cases," available at https://www.ilnd.uscourts.gov/_assets/_documents/_forms/_judges/Pacold/TRO%20Template%20Schedule%20A%20cases.pdf.

Chari ("Chari Decl.") Ex. U. Roadget has invested heavily in building goodwill and brand recognition on social media and other marketing channels. Wei Decl. ¶ 4. That strategy has made SHEIN a household name among youth in the U.S. and Illinois. In 2022, for example, the SHEIN mobile app was the most downloaded fashion app in the United States. Chari Decl. Ex. V.

Roadget has registered various copyrights to protect its original designs and photographs. Wei Decl. ¶ 5. Each of the Roadget Copyrights in the table below is registered with the U.S. Copyright Office, reflecting Roadget's valid and enforceable copyrights in each design. Chari Decl. Ex. A–J.

| Registration No(s). | Effective Date | Title of Work |
| --- | --- | --- |

**B. Defendants' Unlawful Acts**

SHEIN's affordable clothes and original designs have taken the Internet by storm—and inspired many copycats on e-commerce platforms. Wei Decl. ¶ 6. Roadget regularly finds sellers on e-commerce platforms selling goods infringing its copyrights. Defendants, listed on Schedule A to the Complaint, are among such sellers.

Defendants have deliberately and unlawfully copied, displayed, and sold apparel with images substantially similar to the Roadget Copyrights without authorization. *See* Chari Decl.

¶ 7. Their conduct infringes Roadget's copyright and irreparably harms Roadget. Defendants use aliases to conceal their identities. Because Defendants' stores have similar offerings and layouts, although they operate behind different aliases, it is likely that the same entity or entities own multiple such stores and Defendants are interrelated. *See generally* Sealed Compl. Schedule A, ECF No. 8.

## III. LEGAL STANDARD

The standard for issuing a temporary restraining order is the same as the standard for issuing a preliminary injunction. *Mays v. Dart*, 453 F. Supp. 3d 1074, 1087 (N.D. Ill. 2020). As a threshold matter, the moving party must show that (1) it has some likelihood of success on the merits, (2) it will suffer irreparable harm without relief, and (3) it has no adequate remedy at law. *GEFT Outdoors, LLC v. City of Westfield*, 922 F.3d 357, 364 (7th Cir. 2019). If these requirements are satisfied, the movant must then show that the harm it will suffer without an injunction is greater than the harm to the defendant from an injunction, and that the injunction is in the public interest. *Id.*

These factors are weighed on a sliding scale in this Circuit, meaning that a strong showing on one factor compensates for another. For example, "the more likely a plaintiff will succeed on the merits, the less the balance of irreparable harms need favor plaintiff's position." *EnVerve, Inc. v. Unger Meat Co.*, 779 F. Supp. 2d 840, 843 (N.D. Ill. 2011); *see Hoosier Energy Rural Elec. Co-op., Inc. v. John Hancock Life Ins. Co.*, 582 F.3d 721, 725 (7th Cir. 2009).

## IV. THE COURT SHOULD ISSUE A TEMPORARY RESTRAINING ORDER ENJOINING DEFENDANTS' UNLAWFUL CONDUCT.

Plaintiff Roadget respectfully requests that this Court issue a temporary restraining order enjoining Defendants' unauthorized sale of products using the Roadget Copyrights. An *ex parte*

temporary restraining order is both appropriate and necessary. It is appropriate because Roadget has a high likelihood of success on the merits and will suffer irreparable harm if relief is denied, and the balance of equities and the public interest favor an injunction. It is necessary because Defendants, upon information and belief, reside in foreign jurisdictions. Without an *ex parte* temporary restraining order, Defendants will likely stop operating under one set of aliases on e-commerce platforms and reappear under another set—and, in the meantime, move any assets to offshore bank accounts. *See Square One Ent. Inc. v. P'ships and Unincorporated Ass'ns Identified in Schedule "A,"* No. 20-cv-5685, 2021 WL 1253450, at *1 (N.D. Ill. Apr. 5, 2021) ("[D]istrict courts often agree[] that it is necessary to restrain the defendants' assets without notice in order to prevent them from removing their assets from the United States or otherwise hiding them."); *Columbia Pictures Indus., Inc. v. Jasso*, 927 F. Supp. 1075, 1077 (N.D. Ill. 1996) (observing that "proceedings against those who deliberately traffic in infringing merchandise are often useless if notice is given to the infringers").

**A. This Court Has Personal Jurisdiction over Defendants.**

This Court has personal jurisdiction over Defendants because Defendants target their business activities to consumers in the United States, including Illinois. Defendants sell directly to Illinois residents and other United States consumers through their e-commerce stores. They offer shipping to the United States, including Illinois, and accept payments in U.S. dollars from U.S. bank accounts. Chari Decl. ¶ 8.

This Court routinely exercises jurisdiction over websites targeting Illinois residents to sell infringing works without authorization. In a similar infringement case against e-commerce stores operating under seller aliases, this Court exercised jurisdiction because the defendants "directly target[ed] their business activities toward consumers in the United States, including Illinois" by

setting up e-commerce stores that offered to ship to Illinois and accepted payment in U.S. dollars. *Oakley, Inc. v. P'ships & Unincorporated Ass'ns Identified on Schedule "A,"* No. 20-CV-06676, 2020 WL 9455191, at *1 (N.D. Ill. Dec. 11, 2020); *see, e.g.*, *NBA Properties, Inc. v. P'ships & Unincorporated Ass'ns Identified in Schedule "A"*, 549 F. Supp. 3d 790, 794 (N.D. Ill. 2021); *BRABUS GmbH v. Individuals Identified on Schedule A Hereto*, No. 20-CV-03720, 2022 WL 7501046, at *2–3 (N.D. Ill. Oct. 13, 2022) (exercising jurisdiction because the defendant store was willing to ship to Illinois).

### B. Roadget Will Likely Succeed on the Merits of Its Copyright Infringement Claim.

Two elements must be proven to establish copyright infringement: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Design Basics, LLC v. Signature Constr., Inc.*, 994 F.3d 879, 886 (7th Cir. 2021). Copying may be proven by direct evidence or "inferred where the defendant had access to the copyrighted work and the accused work is substantially similar to the copyrighted work." *JCW Investments, Inc. v. Novelty, Inc.*, 482 F.3d 910, 915 (7th Cir. 2007).

As to the first element, ownership of a valid copyright, plaintiff Roadget owns all exclusive rights in the Roadget Copyrights, which are registered with the U.S. Copyright Office. Chari Decl. Ex. A–J.

As to the second element—copying—Defendants have copied the Roadget Copyrights wholesale and placed them on apparel which they are offering for sale unauthorized. Both the access and substantial-similarity prongs of the copying test are met. Defendants had access to the Roadget Copyrights, since they were publicly displayed in products sold on the SHEIN website and/or app. Chari Decl. Ex. K–T. And Defendants' clothing designs are substantially similar to

the Roadget Copyrights—and in many cases, virtually identical. Chari Decl. ¶ 7. Additionally, the photographs are exact copies of the Roadget Copyrights. Below is an exemplary comparison of one of the original designs with one of the infringing products.

| Original Design | Copied Design |
|---|---|

*See also* Sealed Compl., ECF No. 8 (comparing the other designs to infringing products).

Because Roadget owns the Roadget Copyrights, and Defendants are offering for sale unauthorized copies of the copyrights, Roadget has a high likelihood of success on the merits of its copyright infringement claim.

**C. Roadget Has No Adequate Remedy at Law and Will Suffer Irreparable Harm Absent Preliminary Relief.**

Without a temporary restraining order, Roadget will suffer substantial irreparable harm. Irreparable harm is "harm that cannot be prevented or fully rectified by the final judgment after trial," such as the kind of harm for which a damages award after trial would be "seriously deficient as a remedy for the harm suffered." *Roland Machinery Co. v. Dresser Industries, Inc.*, 749 F.2d 380, 386 (7th Cir. 1984). A damages award may be inadequate, for example, if damages are "unobtainable from the defendant," or if the full extent of damages would be "very difficult to calculate." *Id.* In this case, both are true: waiting until final judgment for a remedy

would mean no remedy at all, as Roadget would be unable to collect damages from the foreign Defendants, and any damages award would fail to capture the full extent of the harms Roadget has suffered.

Defendants are believed to reside outside the U.S. and are essentially anonymous. They are not outwardly associated with any actual persons or even known companies. If they were to face a serious threat of damages, they could simply shut down one alias and switch to another, taking their money with them. Accordingly, if these foreign Defendants even come to *hear* about this case before interim relief is entered, they are very likely to make a meaningful recovery impossible. *See, e.g.*, *Bushnell, Inc. v. Brunton Co.*, 673 F. Supp. 2d 1241, 1263 (D. Kan. 2009) ("prospect of collecting money damages from a foreign defendant with few to no assets in the United States tips in favor of a finding of irreparable harm"); *Canon Inc. v. GCC Int'l Ltd.*, 450 F. Supp. 2d 243, 255–56 (S.D.N.Y. 2006).

But even if Roadget could collect a damages award from Defendants, any such award could not possibly capture the full scope of harms Roadget has suffered. In particular, absent immediate relief, Defendants' unauthorized copying will cause Roadget irreparable harm by damaging its reputation and diverting customers. With every minute that sellers display clothes with unauthorized copies of the Roadget Copyrights, there is a risk that customers may share the images online, diverting customers from SHEIN and toward Defendants and weakening SHEIN's brand. Irreparable harm to Roadget's reputation is likely. *See* *LEGO A/S v. ZURU Inc.*, 799 F. App'x 823, 832 (Fed. Cir. 2020) (finding irreparable harm to the plaintiff in a highly competitive market where infringing products competed for limited customer attention and damaged the plaintiff's reputation); *ACT, Inc. v. Worldwide Interactive Network, Inc.*, 46 F.4th 489, 503–04 (6th Cir. 2022) ("[I]nterference with customer relationships and damage to

reputation are precisely the sorts of injuries this circuit has said are difficult to quantify monetarily, and thus constitute irreparable harm.").

Because Defendants' sales damage Roadget's reputation and divert customers in amounts difficult to quantify, the full extent of Roadget's harm from infringement is both irreparable and incalculable.

### D. The Balance of Harms Favors Roadget, and an Injunction Serves the Public Interest.

The final step in the analysis is to balance the harm to Roadget without an injunction against the harm to Defendants if the injunction is granted. When the defendant's infringement is willful, courts generally tip the balance in favor of the plaintiff. The reason is that willful infringers act at their own peril by choosing to sell infringing goods, so any harm done to them by an injunction is self-inflicted. *Bulgari, S.p.A. v. P'ships & Unincorporated Ass'ns Identified On Schedule "A,"* No. 14-CV-4819, 2014 WL 3749132, at *6 (N.D. Ill. July 18, 2014); *Burger King Corp. v. Majeed*, 805 F. Supp. 994, 1005–06 (S.D. Fla. 1992). As this Court has pointed out, "[o]ne who elects to build a business on a product found to infringe cannot be heard to complain if an injunction against continuing infringement destroys the business so elected." *E-Link Tech. Co. v. Shenzhen Uni-Sun Elecs. Co.*, No. 20-cv-00247, 2020 WL 8079816, at *3 (N.D. Ill. May 14, 2020) (quoting *Windsurfing Int'l Inc. v. AMF, Inc.*, 782 F.2d 995, 1003 n.12 (Fed. Cir. 1986)).

Defendants here are willful infringers, "entitled to little equitable consideration." *Bulgari*, 2014 WL 3749132, at *6. They profit from the knowing unauthorized sale of clothing using the Roadget Copyrights. They should not be shielded from the inevitable consequences of willful copyright infringement. And even if the conduct were not willful, the harm to Roadget's market

share and reputation from the appropriation of its original designs and photographs far outweighs any harm to Defendants. Defendant online sellers can open and close stores, pivoting their offerings on a dime. By contrast, Roadget loses more when the original works it has taken time and money to develop are sold by unauthorized sellers.

An injunction is also in the public interest. In particular, the public has an interest in encouraging designers to invest in original creations by preventing Defendants from copying them for profit. *See, e.g.*, *In re Aimster Copyright Litig.*, 252 F. Supp. 2d 634 (N.D. Ill. 2002) ("[T]he public interest is served by upholding copyright protections against those who would seek to misappropriate protected works.").

## V. THE EQUITABLE RELIEF SOUGHT IS APPROPRIATE.

Plaintiff Roadget respectfully requests that the Court issue a temporary restraining order, restrain Defendants' assets, authorize expedited discovery of Defendants' bank and payment system accounts, and authorize electronic service of process.

### A. A Temporary Restraining Order Immediately Enjoining Defendants' Unlawful Use of Roadget's Copyrighted Work Is Appropriate.

Roadget requests a temporary injunction requiring Defendants to immediately cease all use, copying, and distribution of the Roadget Copyrights in connection with all e-commerce stores operating under the seller aliases. Such relief is necessary to stop the ongoing harm to Roadget's reputation and goodwill, to protect consumers, and to prevent Defendants from continuing to benefit from their unauthorized copying and distribution of the copyrighted works. The need for *ex parte* relief is magnified because Defendants operate anonymously over the Internet and Roadget is unaware of Defendants' true identities or locations.

This Court has granted temporary restraining orders in numerous similar intellectual property infringement cases against online sellers. *See, e.g.*, *Chrome Cherry Ltd. v. P'ships & Unincorporated Ass'ns Identified on Schedule "A"*, No. 21-CV-05491, 2021 WL 6752296, at *1 (N.D. Ill. Oct. 20, 2021); *Pink Floyd (1987) Ltd. v. P'ships & Unincorporated Ass'ns Identified on Schedule "A"*, No. 21-CV-04406, 2021 WL 7179622, at *1 (N.D. Ill. Oct. 21, 2021); *Deckers Outdoor Corp. v. P'ships & Unincorporated Ass'ns Identified on Schedule A*, No. 13-cv-07621, 2013 WL 12314399, at *3 (N.D. Ill. Oct. 31, 2013).

**B. Restraint of Defendants' Assets Is Necessary to Prevent Fraudulent Transfer.**

Roadget requests that the Court freeze Defendants' assets so that Roadget may recover an equitable accounting of Defendants' profits from the sale of infringing goods, as prayed for in the Complaint and provided for by federal statute. 17 U.S.C. § 504(b) ("The copyright owner is entitled to recover . . . any profits of the infringer that are attributable to the infringement.")

As noted above, Defendants are foreign residents and essentially anonymous: they are identified by their seller account names, but without any apparent connection to a particular natural person or corporate entity, let alone one with assets in the United States. On information and belief, Defendants hold most of their assets in offshore accounts, making it easy to hide or dispose of assets. Restraint of Defendants' assets is therefore necessary to enable Roadget to account for Defendants' profits from unauthorized sales of clothing using the Roadget Copyrights.

Courts may freeze a party's assets pending the outcome of litigation as long as the plaintiff seeks equitable relief. *CSC Holdings, Inc. v. Redisi*, 309 F.3d 988, 996 (7th Cir. 2002) (upholding an asset freeze where the plaintiff sought an equitable accounting); *see also Deckert v. Indep. Shares Corp.*, 311 U.S. 282, 288 (1940). Here, as discussed, Roadget seeks equitable

relief in the form of an accounting of profits, so this Court has the authority to restrain Defendants' assets. And federal courts may restrain the removal of assets from the United States, which is at issue here because of Defendants' offshore accounts. *In re Uranium Antitrust Litig.*, 617 F.2d 1248, 1259 (7th Cir. 1980).

This Court has entered asset restraining orders in multiple similar cases involving violations of intellectual property rights by foreign defendants, including copyright infringement suits, where the plaintiff sought disgorgement of profits. *See, e.g.*, *Indus. Xperience, LLC v. Dance Xperience*, No. 19-CV-06724, 2020 WL 1888977, at *2 (N.D. Ill. Apr. 16, 2020); *Lorillard Tobacco Co. v. Montrose Wholesale Candies*, No. 03-cv-4844, 2005 WL 3115892, at *13 (N.D. Ill. Nov. 8, 2005).

### C. Expedited Discovery of Defendants' Payment Systems Is Necessary to Restrain Defendants' Assets.

Roadget respectfully requests expedited discovery to discover the identities and locations of Defendants, as well as the bank and payment system accounts Defendants use for their infringing sales operations.

Such discovery is critical: Roadget cannot get *any* meaningful relief in this case without learning precisely who Defendants are, and without learning about their bank/payment systems, any asset restraint would be of limited value, as Roadget would not know the entities on whom to serve the order. Roadget's request is well within this Court's broad discretionary power over discovery. *See* Fed. R. Civ. P. 26(b)(2); *Thermal Design, Inc. v. Am. Soc'y of Heating, Refrigerating & Air-Conditioning Engineers, Inc.*, 755 F.3d 832, 837 (7th Cir. 2014); *see also* Fed. R. Civ. P. 65 (empowering the court to bind anyone in active concert with a party, such as the third-party e-payment processors here).

Courts in this Circuit evaluate requests for expedited discovery "on the entirety of the record to date and the reasonableness of the request in light of all the surrounding circumstances," considering whether a preliminary injunction is pending, the breadth and purpose of the request, the burden on the defendant, and the timing. *Ibarra v. City of Chicago*, 816 F. Supp. 2d 541, 554 (N.D. Ill. 2011). This request is prompt, minimally burdensome, and tailored to include only what is necessary to effect the restraint of assets. As such, expedited discovery is necessary and appropriate.

**D. Service of Process by E-Mail and/or Electronic Publication Is Warranted.**

Roadget requests this Court's authorization to serve process on Defendants by sending an email to any email addresses for Defendants that Roadget obtains through the requested expedited discovery. As noted above, Roadget does not yet have the email addresses for Defendants, but Roadget would propose to serve by email upon obtaining those addresses through the expedited discovery requested above.

Service of process by email is important in this case because, on information and belief, Defendants may have provided false names and postal addresses to the e-commerce stores with which they have accounts. But their email addresses are much more likely to be legitimate because they must use those email addresses to communicate with e-commerce service providers about the maintenance of their accounts, and with third-party payment services for verification. Thus, if Roadget is able to obtain the email addresses pursuant to the expedited discovery requested above, email service is the best path forward.

Federal courts may authorize service of process to individuals in foreign countries by any means not prohibited by international agreement. Fed. R. Civ. P. 4(f)(3). Courts routinely uphold service by email in actions like this one—infringement actions against foreign online sellers

whose business is conducted through electronic communications. *See, e.g.*, *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1017–18 (9th Cir. 2002) (concluding "[w]ithout hesitation" that email service comported with due process where the defendant online seller "had neither an office nor a door; it had only a computer terminal"); *Ouyeinc Ltd. v. Alucy*, No. 20-cv-3490, 2021 WL 2633317, at *3 (N.D. Ill. June 25, 2021) (listing cases upholding email service of process in the Northern District of Illinois and elsewhere).

## VI. A BOND SHOULD SECURE THE INJUNCTIVE RELIEF.

The amount of a bond upon issuing a TRO or preliminary injunction is committed to the Court's sound discretion. *Gateway E. Ry. Co. v. Terminal R.R. Ass'n*, 35 F.3d 1134, 1141 (7th Cir. 1994). Because of the strong evidence of copyright infringement, Roadget respectfully requests this Court require a bond of no more than $10,000.00. *See, e.g.*, *Fletcher v. P'ships & Unincorporated Ass'ns Identified on Schedule A*, No. 1:23-cv-14961 (N.D. Ill. Nov. 1, 2023) (unpublished) ($10,000 bond).

## VII. CONCLUSION

Defendants' unlawful operations are irreparably harming Roadget's business, its famous SHEIN store, and consumers. In view of the foregoing, and consistent with previous similar cases, Plaintiff respectfully requests that this Court enter a temporary restraining order.

Dated: January 5, 2024

Respectfully submitted,

/s/ *Steven J. Horowitz*
Steven J. Horowitz
Matthew D. Binder
Deepa A. Chari
**SIDLEY AUSTIN LLP**
One South Dearborn Street
Chicago, IL 60603
(312) 853-7000
shorowitz@sidley.com
mbinder@sidley.com
dchari@sidley.com

*Counsel for Plaintiff Roadget Business Pte. Ltd.*