**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ROADGET BUSINESS PTE. LTD., a private limited company organized in the country of Singapore,<br><br>Plaintiff,<br><br>v.<br><br>THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A HERETO<br><br>Defendants. | CIVIL ACTION NO. 1:24-cv-00115<br><br>Judge: Hon. Elaine E. Bucklo |

### DEFENDANTS' MOTION TO FILE DOCUMENTS UNDER SEAL

1.      Pursuant to Local Rule 26.2, Defendant Nos. 1, 6-9, 11, 13, 14, 16, and 17 listed on Schedule A of the Complaint ("Defendants"), respectfully move for leave to file under seal sensitive financial data and other sensitive information listed submitted with Defendants' Emergency Motion to Dissolve or Modify Temporary Restraining Order ("Motion to Dissolve or Modify").  In support of its Motion, Defendants state the following:

2.      On January 17, 2024, this Court granted Plaintiff's *ex parte* request for a Temporary Restraining Order against Defendants, and Plaintiffs' *ex parte* Motions to Seal Plaintiff's Complaint and Memorandum in support of the Temporary Restraining Order (*see* ECF Nos. 5, 9, 11, 13). The information subject to sealing remains sealed pursuant to Plaintiff's Motions. *See* ECF No. 23.

3.      The Temporary Restraining Order required certain third parties to provide expedited discovery to Plaintiff, including data on the defendant merchants' sales and financial information

associated with the accused products in this case, and the identity of, and contact information for, any financial accounts owned or controlled by defendant merchants.

4.      On February 4, 2024, counsel for third-party Temu served on Plaintiff and Defendants a copy of the document which Defendants have attached as Exhibit A to the Haoyi Chen Declaration, and which data is also referenced in Defendants' Memorandum in Support of Motion to Dissolve or Modify.  This data includes, with respect to each accused product, sensitive commercial data regarding the number of units sold in the US, the revenue from the goods sold, the total value of sums frozen on the Temu platform pursuant to the Temporary Restraining Order, and the email addresses of the defendant merchants.

5.      Good cause exists to allow the filing of Exhibit A under seal, and to allow redaction of references to the data contained therein.

6.      First, the information is currently subject to a sealing order requested by Plaintiff. *See* ECF No. 19 (granting Plaintiff's motion to seal, including names of defendant merchants, the accused products, and the copyrights at issue). Therefore, Defendants are requesting sealing of information that identifies or provides an indication of such information that is already subject to sealing by the Court's order. *See also,* Exhibit B-F to the Haoyi Chen Declaration (containing names of Defendant merchants and the copyrights at issue); Li Sheng Decl.; Zhong Mingzhu Decl.; Liang Yingtao Decl.; Zhong Mingjie Decl.; Ni Huifang Decl.; Chen Guangyan Decl.; Huang Kangwei Decl. (containing names of Defendant merchants, the copyrights at issue, and sensitive commercial data regarding the number of units sold in the US and the revenue from the goods sold).

7.      Second, the information includes sensitive financial data to the moving Defendants, and presumably the merchant defendants who have not yet appeared in this action. Courts have recognized that businesses have a compelling interest in protecting their "financial trade secret

information, investments, revenues, expenses, and profit margins" from competitors, making this information appropriate for sealing. *Reliant Capital Sols., LLC v. Ram Payment, LLC,* No. 22-cv-03047, 2022 U.S. Dist. LEXIS 199243, at *7 (S.D. Oh. Nov. 1, 2022) (collecting cases); *see also F.T.C. v. OSF Healthcare Sys.*, No. 11-cv-50344, 2012 U.S. Dist. LEXIS 48068, at *3 (N.D. Ill. Apr. 5, 2012) (granting motion to seal confidential financial information).

8.      Third, as of the time of this filing, third party Temu has requested that the financial data be treated as confidential and/or attorneys' eyes only, and the parties appear to be negotiating the propriety of a stipulated protective order in this case.

9.      Accordingly, Defendants respectfully request that the Court grant leave for Defendants to file Exhibit A-E to the Haoyi Chen Declaration and the declarations of Li Sheng, Zhong Mingzhu, Liang Yingtao, Zhong Mingjie, Ni Huifang, Chen Guangyan, and Huang Kangwei under seal, and to redact references to such data and information referenced within the Emergency Motion to Dissolve or Modify Temporary Restraining Order.

10.     Defendants are simultaneously filing a redacted public version of their sealed Emergency Motion to Dissolve or Modify Temporary Restraining Order and certain related filings.


Dated: February 7, 2024                              Respectfully Submitted,

                                                     /s/____Christopher J. Fahy_____

3

Christopher J. Fahy
ARCH & LAKE LLP
203 N. LaSalle St., Ste. 2100
Chicago, IL 60601
Phone: 312-558-1369
Fax: 312-614-1873
Christopher@archlakelaw.com

*Counsel for Defendants*

Haoyi Chen
ARCH & LAKE LLP
2500 Wilcrest Dr.
Houston, Tx 77042
Phone: 346-335-9870
Fax: 312-614-1873
haoyichen@archlakelaw.com

*Counsel for Defendants*
*Pro hac vice* forthcoming

William W. Flachsbart
DUNLAP BENNETT & LUDWIG
333 N. Michigan Ave. Suite 2700
Chicago, Illinois 60601
Phone: 312-551-9500
wflachsbart@dbllawyers.com

*Counsel for Defendants*