IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROADGET BUSINESS PTE. LTD., a private limited company organized in the country of Singapore,<br><br>Plaintiff,<br><br>v.<br><br>THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A TO THE COMPLAINT,<br><br>Defendants. | Case No.: 1:24-cv-115<br><br>Judge: Hon. Elaine E. Bucklo |

**ROADGET'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS OR SEVER**

# TABLE OF CONTENTS

|  | Page |
|---|---|
| INTRODUCTION | 1 |
| BACKGROUND | 1 |
| LEGAL STANDARD | 2 |
| ARGUMENT | 2 |
| I. Joinder Is Appropriate Under Rule 20(a)(2), Whereas Severance Would Cause Undue Expense and Delay. | 2 |
| II. Roadget Has Alleged Facts Sufficient to Establish Willfulness, Justifying Its Claim for Enhanced Damages. | 5 |
| III. Defendants Were Properly Served by Email. | 6 |
| CONCLUSION | 11 |

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Advanced Access Content Sys. Licensing Adm'r, LLC v. Shen*,
   No. 14-CV-1112 (VSB), 2018 WL 4757939 (S.D.N.Y. Sept. 30, 2018) ..............................7, 8

*Art Ask Agency* v. *P'ships et al. on Schedule A*,
   No. 21-cv-06197, 2021 WL 5493226 (N.D. Ill. Nov. 23, 2021) .................................................4

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ..................................................................................................................2

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ..................................................................................................................2

*Bontkowski v. Smith*,
   305 F.3d 757 (7th Cir. 2002) ....................................................................................................6

*Bose Corp. v. P'ships et al. on Schedule A*,
   334 F.R.D. 511 (N.D. Ill. 2020) .............................................................................................3, 4

*Cardenas v. City of Chicago*,
   646 F.3d 1001 (7th Cir. 2011) ..................................................................................................2

*Celgard, LLC. v. Shenzen Senior Tech. Material Co.*,
   No. 3:20-CV-130-GCM, 2020 WL 2575561 (W.D.N.C. May 21, 2020) ................................10

*Elmore v. Henderson*,
   227 F.3d 1009 (7th Cir. 2000) ..................................................................................................5

*Estée Lauder Cosmetics Ltd. v. P'ships et al. on Schedule A*,
   334 F.R.D. 182 (N.D. Ill. 2020) ................................................................................................3

*Gociman v. Loyola Univ. Chi.*,
   41 F.4th 873 (7th Cir. 2022) .....................................................................................................2

*Hangzhou Chic Intelligent Tech. Co. v. P'ships et al. on Schedule A*,
   No. 20 C 4806, 2021 WL 1222783 (N.D. Ill. Apr. 1, 2021) ..................................................7, 8

*Lanard Toys Ltd. v. Novelty, Inc.*,
   375 F. App'x 705 (9th Cir. 2010) .............................................................................................6

*NFL Props. LLC v. P'ships et al. on Schedule A*,
   No. 21-cv-05522, 2021 WL 4963600 (N.D. Ill. Oct. 26, 2021) ................................................4

*Roadget Bus. Pte. Ltd. v. Individuals et al. on Schedule A*,
   No. 24-cv-607, ECF No. 28 (N.D. Ill. Feb. 27, 2024)..........................................................9, 10

*Santos v. State Farm Fire & Cas. Co.*,
   902 F.2d 1092 (2d Cir. 1990)..................................................................................................7

*Southall v. Force Partners, LLC*,
   No. 1:20-cv-03223, 2021 WL 3883082 (N.D. Ill. Aug. 31, 2021)...........................................6

*The Neck Hammock, Inc v. Danezen.com*,
   No. 2:20-CV-287-DAK-DBP, 2020 WL 6364598 (D. Utah Oct. 29, 2020)............................7

*UWM Student Ass'n v. Lovell*,
   888 F.3d 854 (7th Cir. 2018) ...................................................................................................3

*Vorhees v. Fischer & Krecke*,
   697 F.2d 574 (4th Cir. 1983) .................................................................................................10

*Wildlife Express Corp. v. Carol Wright Sales, Inc.*,
   18 F.3d 502 (7th Cir. 1994) .....................................................................................................5

**Statutes**

17 U.S.C. § 504(c)(2)......................................................................................................................5, 6

**Other Authorities**

Fed. R. Civ. P. 4 ................................................................................................................................7

Fed. R. Civ. P. 8 ................................................................................................................................6

Fed. R. Civ. P. 12 ......................................................................................................................2, 6, 7

Fed. R. Civ. P. 20 ..............................................................................................................................3

Fed. R. Civ. P. 21 ..............................................................................................................................5

## INTRODUCTION

This is a copyright infringement case. Defendants are online sellers who have not disputed that they copied Roadget's copyrighted designs and photographs (hereinafter "Roadget's Copyrights"). Instead, they have filed a motion to dismiss that raises a variety of technical and procedural arguments that have little or nothing to do with the sufficiency of Roadget's Complaint. Those arguments lack merit, and almost none of them would support dismissal even if they were well-founded. For example, Defendants raise ancillary and unavailing concerns about joinder, a subset of the requested relief, and service of process, but even if these concerns were justified, they would not justify dismissal—only further steps, such as severance or service by other means.

The motion to dismiss should be denied.

## BACKGROUND

Plaintiff Roadget owns the popular online fashion and lifestyle retailer SHEIN, the most downloaded application on Apple's App Store in 2022. ECF No. 8, ¶¶ 1, 10. It has registered numerous copyrights to protect its original designs and photographs. *Id.* ¶ 11. Roadget owns all of the asserted copyrights, as evidenced by the copyright registration certificates attached to the Complaint. *See id.* Ex. A–J.

Defendants[1] are foreign online sellers on e-commerce websites, operating behind aliases, who have infringed Roadget's registered copyrights. *See id.* ¶ 1. They have copied and displayed Roadget's registered photographs, and put Roadget's registered designs on clothing offered for sale to United States consumers. *See id.* ¶ 14–15. In some cases, one entity operates more than one online store, each with a different alias. ECF No. 53, at 2 (acknowledging that Defendants 6

---

[1] Throughout this Response, the term "Defendants" is used to refer only to the ten Defendants who filed the instant motion: Defendants 1, 6–9, 11, 13, 14, 16, and 17.

and 7, and Defendants 13 and 14, are each owned by one entity).

Roadget discovered Defendants' infringement, initiated this Action, and moved for a Temporary Restraining Order ("TRO"). This Court granted the TRO, enjoined Defendants' infringement, authorized service of process by email, and froze Defendants' assets. ECF No. 20. The Court recently denied Defendants' emergency motion to dissolve or modify the TRO. ECF No. 57.

## LEGAL STANDARD

Defendants have moved to dismiss the Complaint on two grounds: insufficient service of process under Rule 12(b)(5), and failure to state a claim under Rule 12(b)(6).

To survive a Rule 12(b)(5) challenge to service of process, the plaintiff must demonstrate that the court has jurisdiction over each Defendant through effective service. *Cardenas v. City of Chicago*, 646 F.3d 1001, 1005 (7th Cir. 2011). If the court finds the plaintiff has not met its burden, it may either dismiss the action or specify a time within which service must be effected. *Id.*

To withstand a Rule 12(b)(6) motion, a pleading must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The bar to survive a motion to dismiss is not high." *Gociman v. Loyola Univ. Chi.*, 41 F.4th 873, 881 (7th Cir. 2022). The Complaint's allegations are "accepted as true," and no evidence is required. *Ashcroft*, 556 U.S. at 678.

## ARGUMENT

I.  **Joinder Is Appropriate Under Rule 20(a)(2), Whereas Severance Would Cause Undue Expense and Delay.**

Defendants also ask the Court to sever this action into at least *eight* separate lawsuits—an

expensive, inconvenient, and time-consuming step not required by the Federal Rules. Rule 20(a)(2) allows joinder of defendants at the court's discretion if claims against them arise "out of the same transaction, occurrence, or series of transactions or occurrences" and there is a common question of law or fact. The Rule's purpose is to promote trial convenience and avoid the unnecessary loss of time and money from presenting common evidence separately, and it gives courts considerable judicial discretion to structure litigation for a fair and efficient result. *See UWM Student Ass'n v. Lovell*, 888 F.3d 854, 863 (7th Cir. 2018). A judge can deny joinder if, for example, "the addition of the party under Rule 20 will not foster the objectives of the rule, but will result in prejudice, expense or delay." *Id.* (citation omitted).

Joinder of Defendants here fosters the objectives of Rule 20, whereas severance is sure to lead to prejudice, expense, and delay. The moving Defendants, all represented by the same firm and filing briefs together, have all participated in the same series of occurrences—the same mass infringement—on the same platform, causing harm through infringement of copyrights owned by the same entity (Roadget). There is evidentiary overlap, because the evidence of infringement comes from one website (Temu) and the seller data comes from one third party (Temu). Eight or more separate lawsuits would needlessly overwhelm this Court's already bustling docket with duplicative arguments and discovery.

Fortunately, the law does not require a finding of misjoinder here. Some "Schedule A" cases in this District have been severed and some have not. *Compare Bose Corp. v. P'ships et al. on Schedule A*, 334 F.R.D. 511 (N.D. Ill. 2020), *with Estée Lauder Cosmetics Ltd. v. P'ships et al. on Schedule A*, 334 F.R.D. 182 (N.D. Ill. 2020). But where misjoinder has been found, the number of defendants is frequently much greater than the 17 at issue here—for example, the plaintiff in *Art Ask Agency* sued 216 defendants; in *NFL Properties* it was 228. *Art Ask Agency* v.

*P'ships et al. on Schedule A*, No. 21-cv-06197, 2021 WL 5493226, at *1 (N.D. Ill. Nov. 23, 2021); *NFL Props. LLC v. P'ships et al. on Schedule A*, No. 21-cv-05522, 2021 WL 4963600, at *1 (N.D. Ill. Oct. 26, 2021). And most contain multiple claims involving both copyright and trademark infringement, whereas Roadget has asserted a single count of copyright infringement against most of the sellers here.[2] One reason for severance in *Art Ask Agency* and similar cases was that the large volume of defendants undermined judicial economy. *Art Ask Agency*, 2021 WL 5493226, at *3. That is not the case here—joining these 17 defendants will increase efficiency, rather than undermine it.

Defendants emphasize they are unaffiliated, but since they are all sellers on the same platform (Temu), the evidence for each seller comes from the same source.[3] If the case were severed, therefore, the factual overlap would turn the array of cases into "a game of 'whack-a-mole.'" *Bose*, 334 F.R.D. at 516–17. In *Bose*, the court found joinder of online infringers appropriate, reasoning that the plaintiff "faces a swarm of attacks" on its intellectual property, and it is the swarm, rather than any one attack, "that is the defining aspect of the harm from which Bose seeks relief." *Id.* Joinder, the court reasoned, flows from conceptualizing the swarm as the "occurrence." *Id.*

As Defendants acknowledge, misjoinder is not a ground to dismiss an action, and this case could proceed even if severed. Fed. R. Civ. P. 21. But they also know that pursuing at least

---

[2] Roadget asserts five counts of copyright infringement against Defendant No. 5 to account for each infringing product listed on their online store.

[3] Even apart from their representation by the same counsel, Defendants' assertion that they are "unaffiliated" bears some scrutiny. According to their own declaration, Defendants 6 and 7—purportedly owned by different entities—share the same general manager. Yingtao Declaration, ECF No. 31-10. They are also located at the exact same address. *Id.* Defendants 8 and 9 are also located at the same address and share the same general manager. Mingjie Declaration, ECF 31-11. Are these sellers affiliated, are they operated by the same officers, or do they share facilities? Any of these explanations would support the conclusion that their conduct is part of the same series of occurrences for joinder purposes.

4

eight separate lawsuits would make it much harder, as a practical matter, for Roadget to recover for Defendants' copyright infringement. *See Elmore v. Henderson*, 227 F.3d 1009, 1012 (7th Cir. 2000) ("in formulating a remedy for a misjoinder the judge is required to avoid gratuitous harm to the parties"). Defendants should not be permitted to weaponize procedural rules to evade accountability and burden the Court in the process.

## II. Roadget Has Alleged Facts Sufficient to Establish Willfulness, Justifying Its Claim for Enhanced Damages.

Roadget's Complaint seeks, among other things, statutory damages, which can and should be enhanced here because Defendants' infringement is willful. *See* 17 U.S.C. § 504(c)(2) (permitting statutory damages of up to $150,000 per work upon a finding of willfulness). And Roadget's allegations are more than sufficient to establish willfulness. Defendants' copies of the Roadget Copyrights are not accidental approximations of the works, nor are they vaguely similar-looking. They are virtually identical across the board. *See* ECF No. 8, ¶ 14 ("Defendants have deliberately and unlawfully copied, displayed, and sold various apparel bearing images virtually identical to the Roadget Copyrights.") Infringement is willful if the infringer knows its conduct is infringement or "has acted in *reckless disregard* of the copyright owner's right." *Wildlife Express Corp. v. Carol Wright Sales, Inc.*, 18 F.3d 502, 511–12 (7th Cir. 1994) (emphasis added) (citation omitted). A finding of willful infringement does not require that the plaintiff provide notice of the copyright to the infringer—it does not even require knowledge of the copyright; reckless disregard is willful.

Roadget's allegations, taken as true at this stage, readily support the conclusion that Defendants knowingly copied, displayed, and pasted Roadget's Copyrights onto their clothing and offered it for sale. On this record and at this stage, Defendants have, at a minimum, recklessly disregarded the rights of the owner of the copyrights, and their infringement is willful.

5

*Cf., e.g.*, *Lanard Toys Ltd. v. Novelty, Inc.*, 375 F. App'x 705, 711 (9th Cir. 2010) (relying on "exactitude" of coping to support finding of willful copyright infringement). And willfulness supports Roadget's claim for enhanced damages.

Of course, even if Roadget's allegations were not sufficient to support a particular form of relief sought, that "would not justify dismissal of the suit." *Bontkowski v. Smith*, 305 F.3d 757, 762 (7th Cir. 2002). As the Seventh Circuit has explained, the "demand for judgment for the relief the pleader seeks" required by Rule 8(a)(3) is "*not* itself a part of the plaintiff's claim," and thus "failure to specify relief to which the plaintiff was entitled would not warrant dismissal under Rule 12(b)(6)." *Id.* (emphasis added).[4] This is true as to both "enhanced damages" and "exemplary damages," but, in any event, the prayer for exemplary damages should be construed as a prayer for enhanced damages for willfulness under 17 U.S.C. § 504(c)(2), which is akin to a punitive measure. The principle from *Bontkowski* that a challenge to relief is not directed at a "claim" for purposes of a Rule 12(b)(6) motion also applies to Defendants' arguments based on the timing of Roadget's registration of certain copyrights. ECF No. 53, at 8–9. Whether the infringement of each copyright by each Defendant began before the effective dates of Roadget's registrations is a factual question going to the scope of relief, to be resolved after discovery.

### III. Defendants Were Properly Served by Email.

Roadget served Defendants by email in compliance with this Court's January 17, 2024 Temporary Restraining Order, which expressly permits service by email. ECF No. 20, at 6. The Order permitted Roadget to "provide notice of the proceedings in this case to Defendants, including notice of the preliminary injunction hearing, service of process pursuant to Fed. R. Civ.

---

[4] Defendants rely on *Southall v. Force Partners, LLC*, No. 1:20-cv-03223, 2021 WL 3883082 (N.D. Ill. Aug. 31, 2021), to suggest that forms of relief are proper targets of a Rule 12(b)(6) motion, *see* ECF No. 53, at 6, but *Southall* is inconsistent with *Bontkowski* and relies on out-of-circuit authority.

P. 4(f)(3)…by sending an e-mail to any e-mail address provided for Defendants…" *Id.* Roadget certified on February 14, 2024 that it had followed these steps exactly. ECF No. 41. Defendants have been served properly pursuant to the Order. And the decision to allow for alternative means of service of process was within this Court's discretion under Rule 4(f)(3), which allows service on foreign individuals "by other means not prohibited by international agreement, as the court orders."

The mode, delivery, and timeliness of service by email were correctly within the parameters of the Court's Order permitting such service. A motion to dismiss for insufficient service of process must concern "the manner in which service has been made…" *Santos v. State Farm Fire & Cas. Co.*, 902 F.2d 1092, 1095 (2d Cir. 1990); Fed. R. Civ. P. 12(b)(5). But Defendants do not object to the manner of service. Instead, they ask this Court to reconsider its January 17 Order authorizing service of process by email. That request is properly the subject of a motion to reconsider or modify the Temporary Restraining Order, not a motion for insufficient service of process under Rule 12(b)(5).

In any event, there is no reason now to modify the Order. Email service of process is proper pursuant to Fed. R. Civ. P. 4(f)(3). The decision to allow alternative means of service of process is within this Court's discretion. *Advanced Access Content Sys. Licensing Adm'r, LLC v. Shen*, No. 14-CV-1112 (VSB), 2018 WL 4757939 (S.D.N.Y. Sept. 30, 2018). The applicable international agreement here, the Hague Convention, does not prohibit email service of process. *Hangzhou Chic Intelligent Tech. Co. v. P'ships et al. on Schedule A*, No. 20 C 4806, 2021 WL 1222783, at *3 (N.D. Ill. Apr. 1, 2021) (collecting cases); *The Neck Hammock, Inc v. Danezen.com*, No. 2:20-CV-287-DAK-DBP, 2020 WL 6364598, at *4 (D. Utah Oct. 29, 2020) ("[T]he majority [of courts] have concluded that a country's objection to Article 10(a) [service

by mail] does not equate to an objection to email service.")

Courts allow electronic service of process where a reasonable investigation did not uncover valid physical addresses. *Advanced Access Content Sys. Licensing Adm'r, LLC v. Shen*, No. 14-CV-1112 (VSB), 2018 WL 4757939 (S.D.N.Y. Sept. 30, 2018). And courts have found a reasonable investigation even where physical addresses were available. In *Hangzhou Chic*, 2021 WL 1222783, at *2, the court upheld email service of process even where the sellers had physical address information on their websites, pointing to the epidemic of infringing goods sold online, the unambiguous nature of defendants' infringement, and the exigent circumstances justifying freezing defendants' assets. *Id.* "Time is of the essence with an injunction in place," the court pointed out, "so the Court authorized email service in order to provide [defendants] with notice as quickly as possible." *Id.* at *3.

Roadget requested service of process by email in its January 5, 2024 Motion for Temporary Restraining Order, ECF No. 13. A reasonable investigation of Defendants' websites—visiting each of Defendants' storefronts and closely examining their websites for contact information—did not uncover their business addresses at the time. Declaration of Michael C. Springer-Ingram ("Springer Decl.") ¶ 3. Were the business addresses on the website prior to January 3, or were they added later? The addresses exist on live webpages that can be updated at any time. Defendants have provided no evidence that the addresses were on the website when the motion for service of process by email was filed. *See Hangzhou Chic*, 2021 WL 1222783, at *2 (pointing out that "it is not clear that [defendants] provided addresses on their Amazon websites at the time Plaintiffs filed their motion for email service"). Indeed, there is reason to believe the information *has* changed over time. In another case also involving Temu merchants, Roadget discovered after filing suit that the contact information for 23 of the 27

defendants had changed, potentially in response to litigation. *Roadget Bus. Pte. Ltd. v. Individuals et al. on Schedule A*, No. 24-cv-607, ECF No. 28, at 8 (N.D. Ill. Feb. 27, 2024).

It is unclear, too, when Defendants' real entity names appeared on their online storefronts (for example, for seller S H Baby, the real name is "Foshanshiqiqiaotongnianfushi Co., Ltd."). The addition of the entity names seems to have been recent. Prior to mid-February, Roadget observed that these names were not available on the website for any of the Temu sellers checked. Springer Decl. ¶ 4. Filings from early February by Temu seller Defendants in this case *prove* that real entity names did not appear on the website at the time. ECF No. 31-3. According to the instructions on the website of the Hague Conference, service of process on an entity requires not only the mailing address but the *identity* of the addressee.[5] Roadget could not have requested that the China Central Authority serve an entity without providing information about who that entity is, and Defendants demonstrably did not publicize that information.

Seller contact information is not only difficult to find—the user must click the seller's avatar image, which does not look or behave like a link—but also incomplete, even today. Defendants do not contest the service of Defendants 2–5, 10, 12, and 15, likely because their seller contact information was not listed on their storefront. For example, even today, the address for Defendant 10 is missing entirely, showing only the words "Chinese Mainland," and there is no "business name" or "entity name" provided. Springer Decl. ¶ 5.

Finally, even if the addresses of Temu sellers existed on the website prior to January 2, and even if they were accurate and complete, email service of process would *still* be the most efficient way to proceed and the only viable path forward in Schedule A cases, given the unique exigencies. The same counsel for Defendants made an identical argument regarding email

---

[5] https://assets.hcch.net/docs/6700b8be-9a8e-4898-bc51-548a4a69d3df.pdf.

service of process in another Schedule A case initiated by Roadget, and Judge Jenkins rejected it for this reason:

> The Court agrees with Roadget that email service is appropriate here, even if the Temu merchants' addresses are accurate and service could be accomplished pursuant to the Hague Convention. *See NBA Props., Inc. v. Schedule A*, 549 F. Supp. 3d 790, 796–98 (N.D. Ill. 2021) (explaining that the Hague Convention neither authorizes nor prohibits service by email, making it permissible under Rule 4(f)(3), and explaining why email service is preferable in a Schedule A case). Here too, Defendants' email addresses are verified by the websites, but their physical addresses may not be, and a longer period of service with a TRO in place would harm Defendants.

*Roadget Bus. Pte. Ltd. v. Individuals et al. on Schedule A*, No. 24-cv-607, ECF No. 31, at 10 (N.D. Ill. Mar. 1, 2024).

Electronic service of process is appropriate in this case. Service of process by other methods "generally takes 1–2 years to complete and is frequently unsuccessful," *Celgard, LLC. v. Shenzen Senior Tech. Material Co.*, No. 3:20-CV-130-GCM, 2020 WL 2575561, at *3 (W.D.N.C. May 21, 2020), imperiling any remedy Roadget can secure for Defendants' infringement. But even if the Court were to conclude that service of process pursuant to the Hague Convention through the China Central Authority were required, the appropriate course would be to pursue such service, *not* to dismiss the case. Service of process can—and should—be quashed without requiring dismissal of the action. *See, e.g.*, *Vorhees v. Fischer & Krecke*, 697 F.2d 574 (4th Cir. 1983) (remanding with instructions to allow time for Hague service when district court had dismissed for improper service).

**CONCLUSION**

Roadget respectfully requests that this Court deny Defendants' Motion to Dismiss or, Alternatively, to Sever.

Dated: March 22, 2024

Respectfully submitted,

*/s/ Steven J. Horowitz*
Steven J. Horowitz
Matthew D. Binder
Deepa A. Chari
Michael C. Springer-Ingram
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, IL 60603
(312) 853-7000
shorowitz@sidley.com
mbinder@sidley.com
dchari@sidley.com
mspringeringram@sidley.com

*Counsel for Plaintiff Roadget Business Pte. Ltd.*